**MIDWEST MECHANICAL CONTRACTORS, INC.,**
Plaintiff,

v.

**TAMPA CONSTRUCTORS, INC., Defendant.**

No. 86–0534–CV–W–9.

United States District Court,
W.D. Missouri, W.D.

April 9, 1987.

Thomas M. Moore, P.C., Kansas City, Mo., for plaintiff.

Donald W. Giffin, St. Petersburg, Fla., and Howard Lotven, Kansas City, Mo., for defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR TRANSFER TO THE MIDDLE DISTRICT OF FLORIDA

BARTLETT, District Judge.

On April 25, 1986, plaintiff Midwest Mechanical Contractors, Inc. filed its complaint against defendant Tampa Constructors, Inc. alleging breach of two construction subcontracts entered into by the parties in 1983. On June 23, 1986, defendant moved to dismiss the complaint or, in the alternative, for a change in venue. Because defendant presented by affidavit facts outside the complaint in opposition to the allegations in the complaint, the Court ordered defendant's motion to be treated as a motion for summary judgment and directed the parties to submit any further materials. *See* Rule 12(c), Federal Rules of Civil Procedure. The parties have filed supplemental memoranda treating the motion to dismiss as a motion for summary judgment.

### *Standard for Summary Judgment*

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment shall be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, it is the Court's obligation to view the facts in the light most favorable to the adverse party and to allow the adverse party the benefit of all reasonable inferences to be drawn from the evi-

dence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Inland Oil and Transport Co. v. United States*, 600 F.2d 725, 727–28 (8th Cir.), *cert. denied*, 444 U.S. 991, 100 S.Ct. 522, 62 L.Ed.2d 420 (1979).

If there is no genuine issue about any material fact, summary judgment is proper because it avoids needless and costly litigation and promotes judicial efficiency. *Roberts v. Browning*, 610 F.2d 528, 531 (8th Cir.1979); *United States v. Porter*, 581 F.2d 698, 703 (8th Cir.1978). The summary judgment procedure is not a "disfavored procedural shortcut." Rather, it is "an integral part of the Federal Rules as a whole." *Celotex Corp. v. Catrett*, — U.S. ——, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). Summary judgment is appropriate against a party who fails to make a showing sufficient to establish that there is a genuine issue for trial about an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 2553.

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, the *absence* of genuine issues of material fact. However, the moving party *is not required* to support its motion with affidavits or other similar materials *negating* the opponent's claim. *Id.* (emphasis added).

The nonmoving party is then required to go beyond the pleadings and by affidavits, depositions, answers to interrogatories and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Id.* A party opposing a properly supported motion for summary judgment cannot simply rest on allegations and denials in his pleading to get to a jury without any significant probative evidence tending to support the complaint. *Anderson v. Liberty Lobby, Inc.*, — U.S. ——, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The evidence favoring the nonmoving party must be more than "merely colorable." *Id.* at 2511. The inquiry to be made mirrors the standard for a directed verdict: whether the evidence presented by the party with the onus of proof is sufficient that a jury could properly proceed to return a verdict for that party. *Id.* Essentially, the question in ruling on a motion for summary judgment and on a motion for directed verdict is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Id.* at 2512.

### Subject Matter Jurisdiction

■ Defendant contends that the Court lacks subject matter jurisdiction over this action but does not explain why.

Title 28 U.S.C. § 1332(a)(1) states that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between . . . citizens of different States."

Plaintiff states in its complaint that plaintiff is a citizen of Missouri because its principal place of business is Jackson County, Missouri; that defendant is a citizen of Florida because its principal place of business is Tampa, Florida; and that the amount in controversy exceeds $10,000 exclusive of interest and costs. Defendant does not challenge either the citizenship of the parties or the amount in controversy as stated in plaintiff's complaint. Therefore, defendant's motion for summary judgment for lack of subject matter jurisdiction will be denied.

### Venue

Defendant argues that venue in this Court is improper because, pursuant to 28 U.S.C. § 1391(c), defendant is a resident of Florida.

Title 28 U.S.C. § 1391(a) states that "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plain-

**530**

tiffs or all defendants reside, or in which the claim arose." Because defendant does not dispute that plaintiff's residency for the purposes of venue is Jackson County, Missouri, venue in this Court is proper under § 1391(a).

Title 28 U.S.C. § 1391(c) states that "[a] corporation may be sued in any judicial district where it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes." Nothing in § 1391(c) prohibits bringing a suit where all plaintiffs reside when jurisdiction is based on diversity of citizenship. Therefore, defendant's motion for summary judgment on the ground of improper venue will be denied.

### Personal Jurisdiction

Defendant argues that because plaintiff's allegations of breaches of the subcontracts are based on acts or omissions occurring in Florida, and not in Missouri, the Court lacks *in personam* jurisdiction over defendant.

Relying on paragraph 17 of the subcontracts, plaintiff contends that defendant consented to the personal jurisdiction of this Court. Paragraph 17 states: "This Subcontract and all disputes between the parties shall be governed by the laws of the State of Missouri and the jurisdiction and venue for any action between the parties shall be solely and exclusively in Jackson County, Missouri."

■ In a suit based on diversity of citizenship, federal law determines the validity of a forum selection clause. *Sun World Lines, Ltd. v. March Shipping Corp.*, 801 F.2d 1066, 1068–69 (8th Cir.1986); *Benge v. Software Galeria, Inc.*, 608 F.Supp. 601, 606–07 (E.D.Mo.1985). Although the discussion in *Sun World Lines, Ltd.* on the law applicable to the validity of forum selection clauses in diversity cases may not have been essential to the outcome, the reasons stated by the Court for relying on federal law to interpret the validity of forum selection clauses are persuasive. *Cf. Farmland Industries v. Frazier-Parrott*

*Commodities, Inc.*, 806 F.2d 848, 852 (8th Cir.1986).

"[I]t is settled ... that parties to a contract may agree in advance to submit to the jurisdiction of a given court...." *National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315–16, 84 S.Ct. 411, 414, 11 L.Ed.2d 354 (1964). A party can freely consent to the personal jurisdiction of a court because personal jurisdiction is an individual right capable of being waived. *Insurance Corp. of Ireland v. Compagnie des Bauxites*, 456 U.S. 694, 703, 102 S.Ct. 2099, 2105, 72 L.Ed.2d 492 (1982). However, the forum selection clause containing the defendant's consent must comply with applicable due process standards. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 2182 n. 14, 85 L.Ed.2d 528 (1985). Thus, the clause must have been obtained through freely negotiated agreements absent fraud and overreaching and its enforcement must not be unreasonable and unjust. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972). The party resisting enforcement of the clause bears a heavy burden in convincing the Court that it should not be held to its bargain. *Id.*, 407 U.S. at 18, 92 S.Ct. at 1917.

Defendant argues that the forum selection clause (paragraph 17) should not be enforced because 1) the parties are of unequal bargaining power due to size; 2) the clause was contained in a pre-printed form; 3) it would be unreasonable to require defendant, a local Tampa, Florida company, "to defend itself half way across the United States in Kansas City, Missouri;" and 4) enforcement of the forum selection clause would violate Missouri public policy. Defendant relies on the affidavit of James Jackson, an estimator for defendant who states that he has personal knowledge about the negotiations leading to the signing of the subcontracts. Jackson states that defendant "did not bargain for or otherwise take notice of paragraph 17 of the [s]ubcontract[s]."

■ Absent specific evidence that plaintiff used its size to the disadvantage of defendant, disparity in size between the

parties does not suggest fraud or over-reaching. *Crewe Tractor & Equipment Co. v. Deutz Corp.*, 574 F.Supp. 139, 143 (E.D.Va.1983).

▉ The use of pre-printed forms standing alone is not fraudulent or oppressive. Likewise, failure of defendant's negotiators to read carefully the contents of the subcontracts before they were executed does not void the forum selection clause. Nothing has been presented that establishes that defendant was incapable of foreseeing the inconveniences resulting from the forum selection clause in the event a dispute arose. *See Dick Proctor Imports, Inc. v. Sumitomo Corp.*, 486 F.Supp. 815, 818 (E.D.Mo.1980).

▉ Defendant's allegation of inconvenience in litigating in Kansas City does not make the forum selection clause unreasonable or unjust. Defendant has not sustained its burden of showing that "trial in the contractual forum will be so gravely difficult and inconvenient that [defendant] will for all practical purposes be deprived of [its] day in court." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. at 18, 92 S.Ct. at 1917.

▉ Finally, because federal law controls the enforceability of a forum selection clause in a diversity case, whether the clause violates Missouri public policy is irrelevant. *Farooqui v. Saudi Arabian Airlines*, No. 85–0184, slip op. at 4 n. 1 (W.D.Mo. June 28, 1985).

### *Transfer*

▉ Defendant urges transfer of this case to the District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1404(a).

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) was designed as a "federal housekeeping measure, allowing easy change of venue within a unified federal system." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254, 102 S.Ct. 252, 265, 70 L.Ed.2d 419 (1981). The moving party has the burden of showing that the transfer will be to a more convenient forum. *American Standard, Inc. v. Bendix Corp.*, 487 F.Supp. 254, 261 (W.D.Mo.1980).

The Court is not prevented by the existence of a valid forum selection clause from considering a motion to transfer made pursuant to § 1404(a). In *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 757 (3rd Cir. 1973), the Court held that a forum selection clause whose enforcement is not unreasonable does not preclude the selected forum from ordering a § 1404(a) transfer. The Court stated:

> Congress set down in § 1404(a) the factors it thought should be decisive on a motion for transfer. Only one of these—the convenience of the parties—is properly within the power of the parties themselves to affect by a forum-selection clause. The other factors—the convenience of witnesses and the interest of justice—are third party or public interests that must be weighed by the district court; they cannot be automatically outweighed by the existence of a purely private agreement between the parties. Such an agreement does not obviate the need for an analysis of the factors set forth in § 1404(a) and does not necessarily preclude the granting of the motion to transfer.

*Id.* at 757–58. *See also Rouse Woodstock v. Surety Federal Savings & Loan Ass'n*, 630 F.Supp. 1004, 1008 (N.D.Ill.1986).

In *Plum Tree*, the Court suggested that a different result might have been reached had the clause unambiguously conferred "exclusive jurisdiction" on the selected forum. 488 F.2d at 758 n. 7 ("It is unclear whether the intent was to give [the selected forums] exclusive jurisdiction *so as to prevent any transfer*.") (emphasis added). Other courts have recognized the distinction between clauses which merely *confer* jurisdiction on a chosen forum and those which *limit* jurisdiction to a particular forum by making that forum the "exclusive jurisdiction" for suit. *See, e.g., Heyco, Inc. v. Heyman*, 636 F.Supp. 1545, 1550 (S.D.N.Y.1986); *Walter E. Heller & Co. v. James*

*Godbe Co.,* 601 F.Supp. 319, 320 (N.D.Ill. 1984); *Aamco Automatic Transmissions, Inc. v. Bosemer,* 374 F.Supp. 754, 756 (E.D. Pa.1974).

■■■■ Here, the forum selection clause seeks to limit jurisdiction of an action between the parties to Jackson County, Missouri ("... venue for any action between the parties shall be solely and exclusively in Jackson County, Missouri."). Nevertheless, a motion to transfer under § 1404(a) should still be considered. In § 1404(a) Congress explicitly set forth the factors to be considered in deciding whether a change of venue is appropriate. Although convenience of the parties is one factor, convenience of witnesses is the most important factor. *American Standard, Inc.,* 487 F.Supp. at 262. By a valid forum selection clause the parties have only waived any objection *they* might have to the selected forum. The parties by agreement cannot foreclose consideration of other § 1404(a) factors which implicate public or third-party interests. Thus, the convenience of the witnesses and the interests of justice must still be considered. *See Walter E. Heller & Co.,* 601 F.Supp. at 321 n. 2; *Full-Sight Contact Lens Corp. v. Soft Lenses, Inc.,* 466 F.Supp. 71, 74 (S.D. N.Y.1978).

The threshold inquiry in ruling on a motion under § 1404(a) is whether this case "might have been brought" in the Middle District of Florida. Because the jurisdiction of this Court is premised on diversity jurisdiction (28 U.S.C. § 1332), venue is proper "in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose." 28 U.S.C. § 1391(a). "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes." 28 U.S.C. § 1391(c).

Because defendant has its principal place of business in Tampa, Florida, it is "doing business" in Florida. Therefore, this case "might have been brought" in the Middle District of Florida under § 1391(a).

■■■ In determining whether a case should be transferred under § 1404(a), consideration should be given to the convenience of the parties, convenience of witnesses, the availability of judicial process to compel the attendance of unwilling witnesses, access to and availability of sources of proof and the interests of justice. *Houk v. Kimberly-Clark Corp.,* 613 F.Supp. 923, 927 (W.D.Mo.1985); *American Standard, Inc.,* 487 F.Supp. at 261–64.

### 1. *Convenience of Parties*

■■■ Because the parties by the forum selection clause limit jurisdiction of an action between them to Jackson County, Missouri, and because that clause is valid and enforceable, defendant is precluded from arguing that the convenience of the parties would be furthered by transfer of this case to the Middle District of Florida. Therefore, this factor does not support defendant's request to transfer.

### 2. *Convenience of Witnesses*

■■■ The convenience of witnesses is the primary factor in determining the appropriateness of transfer. *Houk,* 613 F.Supp. at 928; *American Standard, Inc.,* 487 F.Supp. at 262. The convenience of party and non-party witnesses is to be considered. *Paul v. International Precious Metals Corp.,* 613 F.Supp. 174, 179 (S.D. Miss.1985). The number of potential witnesses located in or near a suggested forum as well as "the nature and quality of their testimony in relationship to the issues of the case" must be considered. *Houk,* 613 F.Supp. at 928.

William Blanton, the construction project coordinator from January 1984 to the date defendant was terminated by plaintiff, states in an affidavit presented by defendant that witnesses at trial will include the following, all of whom are Florida residents: various unidentified vendors who supplied materials for the job, all other subcontractors on the job, representatives of the Jacksonville, Florida, Corps of Army Engineers, a civil engineering firm, three City of Tampa project inspectors (two of

whom are identified), unidentified personnel from the City of Tampa Engineering Department, unidentified employees of the company that "redid the pipe" for plaintiff, nine named present and former employees of defendant and two named employees of plaintiff "who were superintendents on the job."

Charles Brantley, a superintendent of the project, in another affidavit submitted by defendant, states that the subcontracts at issue in this case are specifically dependent upon a general contract between plaintiff and the City of Tampa, Florida; that the City of Tampa had at all times final approval and authority over all the services and materials provided by plaintiff for the project; and that the City of Tampa's project inspectors "supervised and had final authority over accepting [defendant's work]."

Harry Citek, defendant's president and secretary, states by affidavit that defendant performed all the work under the contract in Hillsborough County, Florida, and that all the materialmen, laborers, professionals and other witnesses reside within the jurisdictional limits of the United States District Court for the Middle District of Flordia.

Plaintiff responds that its affidavits "make it clear there is about an even split of witnesses and professionals divided in their residences among the Kansas City area, the Tampa area and other places besides the Kansas City or Tampa areas." *See* Plaintiff's Supplemental Memorandum in Opposition to Defendant's Motion for Summary Judgment at pp. 3–4. The only affidavit filed by plaintiff in support of its opposition to defendant's motion is that of Steve Sanders, plaintiff's authorized agent and representative. Sanders states that it would be difficult and costly to provide witnesses in Tampa, Florida, that one of the primary material suppliers for the pipe is a corporation whose principal place of business is in Omaha, Nebraska, and that the construction projects were designed by professionals residing in Chicago and Tampa.

The parties made little effort to demonstrate "the nature and quality" of the designated witnesses' testimony "in relationship to the issues of the case." At this stage in the case, the allegations of the complaint suggest that the issues will involve whether defendant properly performed its responsibilities under the two subcontracts, and, if not, what damage plaintiff suffered by completing the work defendant had agreed to do. An example of the specific problems complained about by plaintiff is found in Count III of the complaint where plaintiff alleges that defendant failed to complete installation of a plug into the wall of a digester tank resulting in the flooding of the "basement of Control Building A."

Because the issues pertain to the nature and quality of defendant's performance on the Tampa, Florida, project and to the nature of what plaintiff did in response to defendant's alleged failure to complete the work defendant had allegedly agreed to do on the Tampa, Florida, project, the witnesses identified by defendant would appear to be the type of witnesses likely to play a significant role in the trial.

Accordingly, the convenience of the witnesses needed by both parties strongly supports defendant's motion to transfer this case to the Middle District of Florida.

### 3. *Availability of Process to Secure Witnesses' Attendance*

The availability of judicial process in a particular forum to compel the appearance of non-party witnesses is another factor to weigh in considering a motion to transfer. *Houk v. Kimberly-Clark Corp.*, 613 F.Supp. at 931. Based on the analysis of the convenience of the witnesses, many of the non-party witnesses would be subject to subpoenas issued from the Middle District of Florida while few, if any, would be subject to subpoenas issued out of this Court.

Therefore, the availability of process to secure witnesses' attendance supports transfer of this case to the Middle District of Florida.

#### 4. *Location of Records and Documents*

The location of records and documents is a factor to be considered in determining the appropriate forum, but it is not entitled to great weight. *American Standard, Inc.,* 487 F.Supp. at 264.

Defendant states that all the records and physical evidence are located in Tampa, Florida. Plaintiff states that all of its own records regarding the negotiations between the parties are located in Missouri. Because documents can be easily photocopied and transported from their place of storage, this factor does not clearly favor either forum.

#### 5. *Local Interest in Resolution of Dispute*

"In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach.... There is a local interest in having localized controversies decided at home." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). *See also Citizen Advocates for Responsible Expansion, Inc. v. Dole,* 561 F.Supp. 1238, 1240 (D.D.C. 1983).

This case concerns a public construction project in Tampa, Florida. Resolution of this dispute over the manner in which the work was done would be of far greater concern to Tampa residents than to the residents of this area. This factor, therefore, supports transfer of this case to the Middle District of Florida.

#### *Conclusion*

■ Based on this analysis, only one factor, the convenience of the parties, clearly favors this district as the forum for this case. The other relevant factors are either neutral or favor the Middle District of Florida as the forum. Among the factors favoring Florida is the most important factor, the convenience of the witnesses, particularly non-party witnesses.

Accordingly, defendant's motion to transfer this action pursuant to 28 U.S.C. § 1404(a) to the Middle District of Florida will be granted.

#### *Order*

Based upon the foregoing analysis, it is hereby ORDERED that:

1) defendant's motion for summary judgment for lack of subject matter jurisdiction is denied;

2) defendant's motion for change of venue is denied;

3) defendant's motion for summary judgment for lack of personal jurisdiction is denied; and

4) defendant's motion for transfer to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a) is granted.