**Walter DARCHUK, Plaintiff,**

**v.**

**KELLWOOD COMPANY, Defendant.**

**No. LR–C–88–86.**

United States District Court,
E.D. Arkansas, W.D.

July 8, 1988.

Jay Thomas Youngdahl, Youngdahl & Youngdahl, Little Rock, Ark., for plaintiff.

Phil Lyon, Jack, Lyon & Jones, Little Rock, Ark., and James N. Foster, Jr., McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, Mo., for defendant.

GEORGE HOWARD, Jr., District Judge.

On February 12, 1988, plaintiff filed suit alleging that he was terminated due to his age in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634, and that he was denied his proper benefits under the Employees' Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1381. Twice defendant was given unopposed extensions of time in which to answer. On April 11th, defendant

filed a motion to transfer the case to a more convenient forum and a motion to extend the time for answering for a period of fifteen (15) days after the Court ruled on the motion for transfer. On April 15th, defendant filed its answer. Plaintiff filed his response to the motion to transfer on April 22nd and defendant filed its reply on May 5th. On April 28th defendant filed a motion to stay discovery pending a decision on the motion to transfer. Plaintiff responded on May 4th with his motion to compel to which defendant filed a response on May 16th and plaintiff replied on May 24th. Defendant filed supplemental replies to the motion to transfer and to the motion to compel on June 3rd. By letter dated June 13th, plaintiff asked that the June 3rd pleadings be disregarded as surplusage.

The April 11th motion for an extension of time in which to answer is moot since defendant filed its answer on April 15, 1988.

Defendant, which does not contest that venue is proper in this Court, has moved to transfer plaintiff's ADEA and ERISA claims based on 28 U.S.C. § 1404(a) which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Defendant asserts that the case should be transferred to the Eastern District of Missouri, Eastern Division, where the suit could originally have been brought. Plaintiff has not challenged that the case could have been brought in Missouri, but he contends that venue is more properly based in Arkansas due to the ties of both parties here. The Court finds that pursuant to 28 U.S.C. § 1391(c) plaintiff's ADEA claim could have initially been brought in Missouri and that pursuant to 29 U.S.C. § 1132(c) plaintiff's ERISA claim could have been filed in Missouri.

■ Since this Court has determined that venue for this lawsuit is appropriate in both Arkansas and Missouri, the Court will address whether defendant has met its burden to obtain a transfer pursuant to 28 U.S.C. § 1404(c). There is no dispute as to the standard to be applied in deciding a request for transfer. The plaintiff's choice of forum is usually entitled to great weight and should not be disturbed unless the balance of the various factors is clearly in favor of the defendant. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). The defendant has a heavy burden in demonstrating that the transfer will be to a more convenient forum. *Midwest Mech Contr v. Tampa Constructions, Inc.*, 659 F.Supp. 526 (W.D.Mo.1987). In determining the question of transfer, this Court should consider the following factors: the convenience of the parties, the convenience of the witnesses, the availability of process to compel the presence of unwilling witnesses, the cost of obtaining willing witnesses, the relative ease of access to sources of proof such as the location of records and documents, the place where the events at issue occurred, the place where the case could be tried more expeditiously and inexpensively, and the interests of justice such as localized controversies being decided in a related forum and avoidance of conflict of law problems. *Kolko v. Holiday Inns, Inc.*, 672 F.Supp. 713 (S.D.N.Y.1987).

### [Application to Facts]

■ When these factors are applied to the facts developed from the affidavits and exhibits, the Court finds that the defendant has indeed met its strong burden of demonstrating that a transfer is warranted. The primary factor is the convenience of the witnesses. Defendant has identified ten (10) individuals and their proposed areas of testimony in the affidavits by Robert Maddocks and James Mays. All these individuals reside in St. Louis as well as actuaries located in St. Louis. In contrast, plaintiff in his affidavit has identified only himself as an Arkansas witness. While he states that he has other key witnesses residing outside of Arkansas and Missouri, he has not identified these witnesses by name, residency or areas of testimony. Thus, it is clear, from the facts presented, that defendant's witnesses which apparently greatly outnumber plaintiff's would be significant and would be inconvenienced by appearing for trial here.

While it is true that most of the witnesses are employees of defendant, the cost of

obtaining these witnesses such as transportation, meals, lodging and work schedules is considerable again in contrast to the conclusory statements regarding plaintiff's proposed witnesses. When considering the availability of process to compel unwilling witnesses, it is beyond dispute that this Court's power does not reach to St. Louis, Missouri. It is uncontroverted that all the legal files and records concerning the employment decision and pension plan are located in Missouri. The EEOC transferred the processing of plaintiff's claim to St. Louis over his protest due to the relevant documents being in that location. The affidavits further support the factor that Missouri is the place where the employment decisions were made, plaintiff's performance was supervised and his paperwork and work-product were sent out through. The Court further notes that the issues involved in this case are not a local concern that apply state law. Instead, plaintiff's claims seek relief under federal statutes and the transfer to another court in the same circuit will not involve a conflict of laws situation.

A closer question is presented as to whether it would be more expeditious and inexpensive to try the case here rather than Missouri. By order filed on May 25th, this case was set for trial to commence on September 26, 1988, and setting a discovery cutoff date of August 26th. The Court is aware of the discovery problems in this case which need to be resolved. However, the important question of the transfer had to be decided first. As the extensive briefs from the parties attest, this issue had to be closely examined and the Court believes that neither party was unnecessarily delaying resolution by submitting the pleadings, including the ones filed on June 3rd, to provide the Court with a complete record on which to make a decision. With these thoughts in mind, the Court anticipates that either one or both parties would be requesting a continuance in this case as the discovery cutoff date drew near.

The factor of expense is related to the convenience of the parties. On the facts before the Court, it appears that expenses for defendant would be greatly increased by a trial in Arkansas with the attendance of witnesses as discussed previously and the production of all the records and documents. The Court is aware that a transfer will place a greater financial burden on plaintiff than he would incur here, but his conclusory statement that he would be unable to continue with the case cannot be accepted. The bottom line is that defendant's financial burden with a trial here would be more than the financial burden on plaintiff, on the record developed, by a transfer. "The relative economic ability of the parties to proceed with a case has rarely been a dispositive reason to grant or deny a venue change." *Kolko v. Holiday Inns, Inc., supra* at 716.

Therefore, as found above, the Court finds that a transfer of this case to the Eastern District of Missouri, Eastern Division, would be appropriate. In light of this transfer, the Court is persuaded that the transferee court should be the court to resolve the discovery situation in conformity with its usual policies and procedures.

Accordingly, the April 11th motion for an extension of time to answer is moot. Defendant's April 11th motion to transfer the case to a more convenient forum is granted. The Clerk is directed to transfer this case to the United States District Court for the Eastern District of Missouri, Eastern Division. No ruling will be made on the discovery motions in order to permit the transferee court to resolve those issues.