**UNITED STATES of America, Plaintiff,**

**v.**

**Richard HARTBRODT, d/b/a 1st Federal Bankcard, d/b/a Kelly Advertising, Defendant.**

**Civ. No. 4–91–CV–70076.**

United States District Court, S.D. Iowa, C.D.

Sept. 10, 1991.

---

Richard L. Richards, Asst. U.S. Atty., Des Moines, Iowa, for plaintiff.

Mark McCormick, Belin Harris Lamson McCormick, Des Moines, Iowa, for defendant.

## MEMORANDUM OPINION, RULINGS GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND COMPLAINT AND DENYING MOTION TO TRANSFER VENUE, AND ORDER

VIETOR, Chief Judge.

Plaintiff United States of America brings suit under 18 U.S.C. § 1345 to permanently enjoin defendant Richard Hartbrodt d/b/a 1st Federal Bankcard, d/b/a Kelly Advertising (hereinafter "Hartbrodt") from defrauding consumers through postcard solicitation. The government bases venue on 28 U.S.C. § 1391(b). Hartbrodt moves to transfer venue, asserting that it is improper in this district under § 1391(b). The government resists, and also moves for leave to amend its complaint to add a criminal venue statute, 18 U.S.C. § 3237, as another basis for venue, and to add other language in support of venue under § 1391(b), including the assertion that a substantial part of the events or omissions giving rise to its claim occurred in this district. Hartbrodt resists. The parties presented oral arguments, and the motions are submitted.

The government alleges that Hartbrodt has been engaging in a scheme to defraud consumers by soliciting them by postcard to dial one or more "900" telephone toll

numbers. The postcards claim that the recipients have been approved for a $5,000 credit limit on a charge card, and that they should call a "900" telephone number "now." When recipients call the number, they hear a recorded message regarding the credit limit and charge card. At the end of the recorded message, callers are encouraged to dial a second "900" number if they want the card. The callers incur charges from making the phone calls (the first call costs $7.80; the second, $29.95), and Hartbrodt receives money from the use of the "900" numbers. In order to receive the card, recipients must send a check or money order for $49.00, and an additional "activation fee" of $30.00. Unlike major bank credit cards, the credit card offered is a restricted use card which the recipient can use only by placing orders through a catalog distributorship.

### Motion to Amend Complaint

The government's motion to amend its complaint to include additional assertions in support of venue under § 1391(b) will be granted. *See* Fed.R.Civ.P. 15 ("leave [of court to amend] shall be freely given when justice so requires"). The portion of the motion, however, that seeks to add 18 U.S.C. § 3237 as a basis for venue will be denied. This court cannot find, and government's counsel does not cite, any authority for applying a criminal venue statute in a civil action.

### Venue

■ The general venue statute, 28 U.S.C. § 1391(b), states that "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only i[n] * * * (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred * * *." Hartbrodt argues that the events occurring in Iowa are not "substantial" within the meaning of § 1391(b) because all of the actions originated in California except the mailings, which originated in Mississippi, and the long distance services, which a company in Kansas provided. Although few cases discuss the new § 1391(b), which took effect December 1,

1990, a substantial part of the events giving rise to a claim may occur, and proper venue may lie, in more than one district. *See Sidco Industries Inc. v. Wimar Tahoe Corp.*, 768 F.Supp. 1343, 1346 (D.Ore.1991).

■ In deciding whether or not the events are substantial, this court must first determine what events give rise to the government's claim. The government seeks an injunction to halt alleged fraudulent activities of Hartbrodt pursuant to 18 U.S.C. § 1345 which provides: "If a person is (A) violating or about to violate this chapter [Chapter 63—Mail Fraud] * * * the Attorney General may commence a civil action in any Federal court to enjoin such violation." 18 U.S.C. § 1345(a)(1)(A). The government alleges violations of the mail fraud statute, 18 U.S.C. § 1341, and the wire fraud statute, 18 U.S.C. § 1343, to support its action for an injunction. A violation of § 1341 occurs whenever a person,

> having devised * * * any scheme or artifice to defraud * * *, for the purpose of executing such scheme or artifice * * *, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, * * * or knowingly causes to be delivered by mail according to the direction thereon * * * any such matter or thing * * *.

18 U.S.C. § 1341. The wire fraud statute is substantially the same except for the means used to carry out the fraud. Therefore, even one act involving the use of mail or telephone can support the government's claim for an injunction, if it is part of a scheme or artifice to defraud.

■ Hartbrodt mailed over 15 million postcards nationwide; approximately 200,000 of those were sent to Iowa addresses. The government asserts in its brief in resistance that an investigation has identified approximately 20 complaints from citizens of the Southern District of Iowa so far. Although Hartbrodt questions the number of complaints, and notes that the government has not shown how many postcards were mailed into the Southern District, he also does not deny that roughly 200,000

postcards were mailed into Iowa. Of those 200,000, a good portion presumably went to addresses in the Southern District of Iowa. I conclude that the mailing of postcards into this district constitutes "a substantial part of the events * * * giving rise to the [government's] claim," making venue here proper. *Cf. Gachette v. Tri–City Adjustment Bureau*, 519 F.Supp. 311 (N.D.Ga. 1981) (under Fair Debt Collection Practices Act, venue was proper in Georgia where plaintiff received phone calls in Georgia, plaintiff and her witnesses live in Georgia, and the harm occurred in Georgia).

Hartbrodt also asserts that because he is not currently engaging in the alleged mail and wire activities, no present or ongoing scheme exists as required by § 1345, and venue cannot be predicated upon those past actions. On March 4, 1991, Hartbrodt entered into a stipulation to avoid a temporary restraining order hearing in this case, in which he agreed not to send out other mailings "during the pendency of this action without first obtaining an order of this court permitting same." Hartbrodt's agreement to temporarily cease his activities during the pendency of this case does not render venue improper.

Although Hartbrodt's motion is titled a "motion to transfer venue," his brief focuses on the "proper" venue, and never cites 28 U.S.C. § 1404(a)[1]. Both parties, however, did discuss the convenience of the parties and witnesses in their briefs; therefore, I will assume that the motion is also one to transfer under § 1404(a).

Section 1404(a) places the burden on the moving party to show that the transfer will be to a more convenient forum. *Midwest Mech. Contractors, Inc. v. Tampa Constructors, Inc.*, 659 F.Supp. 526, 532 (W.D.Mo.1987). In addition to balancing the factors stated in the statute, the court may consider access to and availability of sources of proof, and availability of judicial process to compel attendance of unwilling witnesses. *Id.; see also Kansas City Pow-*

*er & Light Co. v. Kansas Gas & Elec. Co.,* 747 F.Supp. 567, 573 (W.D.Mo.1990).

As between the parties, Hartbrodt correctly notes that the government has the ability to bring an action in any federal district, and that the Central District of California would be a more convenient forum for him. Convenience of the witnesses, however, is a primary factor in determining the appropriateness of the transfer. *Midwest Mech. Contractors*, 659 F.Supp. at 532. Those most directly affected by the alleged fraudulent scheme and those most likely to be called as government witnesses in this case—the Iowa recipients of the postcards—would be greatly inconvenienced by a transfer to the Central District of California. Hartbrodt asserts in his brief that all of the witnesses and documents necessary for the defense are in California. He also states in his affidavit that all his records, accounts, and employees involved in the promotion are in California. Hartbrodt does not, however, provide any more specific information regarding who the necessary witnesses are. The location of the documents is not entitled to great weight, because they can be copied or transported here if necessary. *See id.* at 534.

The interest of justice weighs in favor of the plaintiff's forum. To require the Iowa witnesses to travel to the home forum of the alleged perpetrator of the fraud for his convenience would be at odds with the purpose of the statute involved—to protect innocent persons from being the targets of fraud. *See United States v. Belden*, 714 F.Supp. 42, 44–45 (N.D.N.Y.1987) (discussion of legislative history of § 1345); *cf. Murphy v. Allen County Claims & Adjustments, Inc.*, 550 F.Supp. 128, 132 (S.D. Ohio) (court did not want to "permit the defendant-debt collectors to engage in practices that may violate the [Federal Debt Collection Practices Act] and harass persons in other districts, and then force such persons to come to the defendants' district to bring action against them"). On this

---

**1.** "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

showing, the balance of interests does not weigh strongly enough in favor of Hartbrodt to disturb the government's choice of forum. *See Kansas City Power & Light,* 747 F.Supp. at 573.

### Rulings and Order

The motion for leave to amend complaint filed by plaintiff United States of America on June 21, 1991, is GRANTED insofar as it refers to 28 U.S.C. § 1391(b). The portion of the motion to amend that seeks to add 18 U.S.C. § 3237 as a basis for venue is DENIED. IT IS ORDERED that the Clerk of Court shall file the amendment to the complaint, but the phrase "and 18 U.S.C. § 3237" is hereby STRICKEN therefrom.

The motion of defendant Richard Hartbrodt d/b/a 1st Federal Bankcard, d/b/a Kelly Advertising to transfer venue, filed April 26, 1991, is DENIED.