**iNET DIRECTORIES, LLC, Appellee,**

v.

**DEVELOPERSHED, INC.; Shari Caputo; Jonathan Caputo, Appellants.**

**No. 04–2385.**

United States Court of Appeals, Eighth Circuit.

Submitted: Jan. 12, 2005.

Filed: Jan. 18, 2005.

Patrick J. Whalen, Kansas City, MO, Ron B. Kurtz, North Miami, FL, for appellant.

R. Edward Murphy, St. Joseph, MO, for appellee.

Before WOLLMAN, McMILLIAN, and FAGG, Circuit Judges.

PER CURIAM.

iNet Directories, LLC brought a breach of contract action in Missouri state court against Deverlopershed, Inc., and Shari and Jonathan Caputo (collectively Developershed). The contract contained a forum selection clause stating, "The Parties hereby irrevocably waive any and all objections which any Party may now or hereafter have to the exercise of personal and subject matter jurisdiction by the federal or state courts in the State of Missouri and to the laying of venue of any such suit, action or proceeding brought in any such federal or state court in the State of Missouri." After Developershed removed the case to federal court based on the diversity of the parties, iNet sought a remand to state court based on the contract's clause stating the parties waived any objections to the laying of venue. The district court * en-

* The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

forced the contract provision and remanded the case.

Developershed appeals. Relying on *Weltman v. Silna*, 879 F.2d 425, 427 (8th Cir.1989), Developershed argues the contract did not clearly and unequivocably waive its right to removal. In *Weltman*, the contract did not address removal, however. *Id.* Here, the contract states the parties waive any objections to the laying of venue in any court in Missouri. We agree with the district court that after iNet filed this action in Missouri state court, the contract's forum selection clause unambiguously prohibited Developershed from objecting to venue by removing the case to federal court. *Waters v. Browning–Ferris Indus., Inc.*, 252 F.3d 796, 797–98 (5th Cir.2001) (holding nearly identical language "waving any objection .... to laying of venue" waives right to removal).

We thus affirm the district court's order remanding this case to state court.