**CRANE CONSTRUCTION CO., Plaintiff,**

v.

**JKC CONSTRUCTION, INC., Defendant.**

**No. 10–6103–CV–SJ–DW.**

United States District Court, W.D. Missouri, St. Joseph Division.

Nov. 22, 2010.

Amy J. Tillery, Danne Wayne Webb, Horn, Aylward & Bandy, LLC, Kansas City, MO, for Plaintiff.

Judd L. Herbster, Herbster Law Firm, LLC, Overland Park, KS, for Defendant.

## ORDER

DEAN WHIPPLE, District Judge.

Before the Court is Plaintiff Crane Construction Co.'s Motion to Remand (Doc. 8) and Brief in Support (Doc. 9). For the reasons stated herein, Plaintiff's motion is GRANTED.

Plaintiff initially filed its Petition for Breach of Contract and Declaratory Judgment in the Circuit Court of Andrew County, Missouri, against Defendant JKC Construction, Inc. In its petition, Plaintiff states that it entered into two subcontract agreements with Defendant to perform renovations at separate Kohl's department stores. Plaintiff alleges that Defendant has breached the subcontract agreements by failing to comply with the contract requirements. Defendant has counterclaimed that it has complied with the requirements and Plaintiff is in material breach of the contracts by withholding payment. Defendant timely removed the action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 based upon diversity jurisdiction. Plaintiff then filed this motion to remand.

As the basis for its motion to remand, Plaintiff claims that the contracts entered into between the parties contain valid forum selection clauses, which state that the only court to have jurisdiction over a disagreement under these contracts is the Circuit Court of Andrew County, Missouri. Defendant argues that the forum selection clauses do not prohibit removal to federal court on two grounds. First, Defendant argues that the clauses are invalid because the parties did not discuss or bargain for them. Second, Defendant argues that the clauses do not preclude removal because they do not contain a sufficiently clear waiver of Defendant's removal rights as required by law.

▮ First, the Court finds that the forum selection provision is not invalid because it appears in "boilerplate language" which the parties never specifically discussed or bargained for. A party challenging a forum selection clause bears a heavy burden in proving that it should not be held to its bargain because courts give considerable deference to the plaintiff's choice of forum. *Pub. Sch. Ret. Sys. of Mo. v. State St. Bank & Trust Co.*, No. 09–4214, 2010 WL 318538, at *2 (W.D.Mo. Jan. 21, 2010); *Midwest Mech. Contractors, Inc. v. Tampa Constructors, Inc.*, 659 F.Supp. 526, 530 (W.D.Mo.1987). "Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid." *Pub. Sch. Ret. Sys. of Mo.*, 2010 WL 318538, at *2 (quoting *Servewell Plumbing, LLC v. Fed. Ins. Co.*, 439 F.3d 786, 789 (8th Cir.2006)). This Court has held that the use of pre-printed contract forms alone does not render a forum selection clause fraudulent or oppressive such that it is invalid. *Midwest Mech. Contractors, Inc.*, 659 F.Supp. at 531. Similarly, the Court has held that

failure of the parties to carefully read the contents of a subcontract before signing it does not void the forum selection clause. *Id.* (rejecting the defendant's argument that the forum selection clause was invalid because the defendant "did not bargain for or otherwise take notice of the [forum selection provision]" of the contract).

▉ Here, Defendant's argument that enforcement of the forum selection clauses is invalid because the parties did not specifically bargain for the clauses has no merit. These parties are sophisticated business entities and Defendant has offered no indication that they did not possess equal bargaining power when entering into their contracts. The mere use of boilerplate language does not give Defendant the right to void these provisions of the contracts. This is especially true in light of the fact that the parties entered into two separate contracts with identical forum selection clauses, once in 2009 and again in 2010. Defendant was thus on notice of the forum selection clause and therefore had an opportunity to either contest it or decline to enter into an additional contract with Plaintiff under its terms. Defendant did neither and cannot now argue that the provision is invalid because it failed to contract for a different provision. Defendant has not satisfied its heavy burden to prove to the Court that it should not be held to its bargain, and therefore the forum selection clause is valid.

▉ Next the Court finds that removal is precluded based on the language of the forum selection clause. The clause at issue reads:

> Should either [party] institute any suit, action or legal proceeding involving and/or against the other party ...; **jurisdiction and venue of such suit, action or legal proceeding shall be solely, only and exclusively in a court located in Andrew County, Missouri and no other** .... The parties hereby

consent to the in personam jurisdiction of a court located in Andrew County, Missouri.... Any reference to any other venue or jurisdiction in the Prime Contract between the Owner and Contractor or otherwise shall be unenforceable and non-binding upon Contractor, **it being the specific intent to resolve all matters, disputes, claims, demands, or legal action in a court located in Andrew County, Missouri, and no other.** Subcontractor further agrees to include similar forum selection language in all agreements, sub-subcontracts or purchase orders which Subcontractor may enter in connection with the performance of its Work under this Subcontract.

(emphasis added). "A forum selection clause can act as a waiver of a defendant's right to remove an action to federal court, but such a waiver must be 'clear and unequivocal.'" *Xgel Tech., LLC v. C.I. Kasei Co., Ltd.,* No. 09–540, 2009 WL 1576837, at *1 (E.D.Mo. June 3, 2009) (citations omitted); *see also Weltman v. Silna,* 879 F.2d 425, 427 (8th Cir.1989). The parties' mere agreement that venue is proper in a particular court or jurisdiction is not a clear and unequivocal waiver of removal rights. *Mihlfeld & Assoc., Inc. v. Glock, Inc.,* No. 05–3085, 2005 WL 1009579, at *2 (W.D.Mo. Apr. 27, 2005). However, language that indicates a waiver of the right to object to venue constitutes a waiver of removal rights. *Id.* Whether a clear and unequivocal waiver of removal rights exists depends on the language of the specific clause at issue.

In *iNet Directories, LLC v. Developershed, Inc.,* the Eighth Circuit Court of Appeals found the following language to contain a clear and unequivocal waiver of removal rights:

> The parties hereby irrevocably waive any and all objections which any Party may now or hereafter have to the exer-

cise of personal and subject matter jurisdiction by the federal or state courts in the State of Missouri and to the laying of venue to any such suit, action or proceeding brought in any such federal or state court in the State of Missouri. 394 F.3d 1081, 1081–82 (8th Cir.2005). In a later case, the Eastern District of Missouri found the parties waived their removal rights when the agreement stated: "Contractor further consents and agrees venue for State court proceedings shall be in the County of Jefferson, Missouri, and no court actions commenced in Missouri shall be transferred or removed to any other State or Federal court." *Cnty. of Jefferson v. Tyler Tech., Inc.*, No. 09–554, 2009 WL 1811804, at *2 (E.D.Mo. June 25, 2009). The same court has held that the following language was a clear and unequivocal waiver of removal rights:

> The parties hereby agree to submit to the jurisdiction of the Circuit Court of St. Louis County, Missouri for purposes of adjudicating any action arising out of the Lease, and hereby waive, to the fullest extent permitted by law, any objection to the laying of venue of any action arising out of the Lease therein. Any action arising out of the Lease may be properly filed in the Circuit Court of St. Louis County, Missouri; however, XTRA Lease reserves its right to bring suit in any other appropriate jurisdiction.

*Xtra Lease LLC v. Century Carriers, Inc.*, No. 09–2041, 2010 WL 431787, at *1 (E.D.Mo. Feb. 2, 2010).

Conversely, in *Mihlfeld*, this Court held the following language was not a waiver of removal rights, and thus the defendants were able to remove the action to federal court:

> This Agreement shall be governed, construed and enforced in accordance with the laws of the State of Missouri. In the event Customer breaches any por-

tion of this Agreement, and legal action is initiated as a result of such breach, Customer agrees that the proper venue for such an action shall be in the Circuit Court of Greene County, Missouri.

2005 WL 1009579, at *1. Similarly, in *Xgel Tech., LLC*, the Eastern District of Missouri held that the clause which stated that "[t]he parties agree[d] to submit any judicial disputes to the appropriate courts in Phelps County, Missouri" was not a clear waiver of removal rights. 2009 WL 1576837, at *1. The court found the language to merely be a geographical limitation, not a clear waiver of removal rights. *Id.* at *2.

■ Here, the Court finds that the forum selection clause at issue is a clear and unequivocal waiver of removal rights. Although the language in this clause does not use the specific words "waiver" or "object," it clearly indicates a waiver of the right to object to venue by twice stating that disputes shall be resolved solely and exclusively in a court in Andrew County, Missouri and no other. The clause does more than merely state that venue is proper in a certain county like the clauses in *Xgel* and *Mihlfeld*. Here, Plaintiff clearly intended to limit the ability of Defendant to litigate this action in any court other than the Circuit Court of Andrew County, Missouri, as evidenced by its statement that it specifically intended to do so. To hold that this clause does not amount to a waiver of the parties' right to remove or transfer the case to another court would render this clause pointless. *See Cnty. of Jefferson*, 2009 WL 1811804, at *3.

In sum, the Court finds that the forum selection clauses in the contracts between Plaintiff and Defendant are valid and contain a clear and unequivocal waiver of removal rights. Therefore, Defendant's removal to this Court was improper and the

case shall be remanded to the Circuit Court of Andrew County, Missouri.

SO ORDERED.