**KANSAS CITY POWER & LIGHT COMPANY, Heywood H. Davis and Cede & Co., Plaintiffs,**

v.

**KANSAS GAS AND ELECTRIC COMPANY, Defendant.**

**No. 90–0662–CV–W–8.**

United States District Court, W.D. Missouri, W.D.

Sept. 19, 1990.

John C. Dods and Joe Rebein Shook, Hardy & Bacon, Kansas City, Mo., for plaintiffs.

David A. Welte, Richard H. Ralston, Douglas S. Laird, Polsinelli, White, Vardeman & Shalton, Kansas City, Mo., for defendant.

## ORDER

STEVENS, District Judge.

Before the court is defendant's motion to dismiss or in the alternative to transfer this case to the United States District Court for the District of Kansas. For the reasons noted below, the court denies the motions.

### I. *Facts*

On July 23, 1990, plaintiff ("KCP & L"),[1] an electric utility corporation with its principal place of business in Missouri commenced a tender offer for all the outstanding shares of common and preferred stock of defendant ("KG & E"), an electric utility corporation with its principal place of business in Kansas. Also on this date KCP & L filed a complaint in this court seeking declaratory judgment that its Schedule 14D–1[2] filed with the Securities and Exchange Commission ("SEC") complied with the applicable federal disclosure requirements and that KCP & L's demand that KG & E hold a special stockholders' meeting pursuant to the Kansas Control Share Acquisitions Statute, K.S.A. §§ 17–1286 to 17–1298 (the "Control Share Statute") was proper. On July 25, 1990, Heywood H. Davis ("Davis"), an owner of 100 shares of KG & E common stock, demanded that KG & E provide a list of KG & E stockholders.

This demand was made pursuant to K.S.A. § 17–6510.[3]

On July 31, 1990, KG & E filed suit in the United States District Court for the District of Kansas against Heywood Davis and KCP & L alleging (1) that KCP & L's offer is illegal under both federal and Kansas state law and, therefore, KG & E is not required to call a shareholders' meeting under the Control Share Statute and (2) Davis' demand for the shareholders list was not for a "proper purpose" pursuant to Kan.Stat.Ann. § 17–6510 and therefore it need not provide the list. On the same date, KG & E filed a motion to dismiss the action filed by KCP & L in this court. On August 6, 1990, KCP & L filed a first amended complaint here adding two plaintiffs, Davis and Cede. On August 15, 1990, KG & E filed a first amended complaint with the United States District Court for the District of Kansas expanding one count and adding two new counts to its prior complaint. On August 16, 1990, KCP & L filed a motion in this court to stay proceedings in the Kansas action to preserve the status quo. This court conferred with the Honorable Patrick Kelly, United States District Judge for the District of Kansas, and with his consent KCP & L's motion to stay proceedings in that court was granted on August 22, 1990.

■ On August 31, 1990, KG & E notified the court by hand delivered letter that on August 30, 1990 its board of directors amended the corporate bylaws to provide that "[t]he provisions of Section 17–1286, *et seq.*, of the Kansas Statutes Annotated (the "Control Share Act") shall not apply to any

---

**1.** For the sake of simplicity, the court will refer to plaintiffs as "KCP & L" for the purposes of this order.

**2.** Section 14(d) of the Exchange Act, 15 U.S.C. § 78n(d), and the rules and regulations promulgated thereunder by the Securities and Exchange Commission (SEC) require any person making a tender offer for more than five per cent of a class of equity securities of a company to file a Schedule 14D–1 Statement with the SEC which discloses certain specified information about the tender offer. This specified information includes, but is not limited to, the identity of the bidder, the identity of the subject company, the amount and class of securities being

sought and the type and amount of consideration being offered, the scheduled expiration date of the tender offer, whether the tender offer may be extended and if so, the procedures for such extension. 17 C.F.R. § 240.14d–6(e) (1990).

**3.** This statute "confers the right of inspection on stockholders upon 'written demand under oath' and 'during the usual hours for business' for any 'proper purpose,' which is defined as a purpose 'reasonably related to such person's interest as a stockholder.'" Kan.Stat.Ann. § 17–6510 Kansas Comment (1988).

control share acquisitions of shares of the Company within the meaning of the Control Share Act."[4] KG & E's August 31, 1990 Letter at 1. This decision by KG & E to opt out of the Control Share Act makes moot the issue of whether this court has jurisdiction over the state law claim asserted by KCP & L in its complaint.

In the instant case, KG & E argues KCP & L's complaint should be dismissed because first, KCP & L's first claim for relief—that the court declare that its tender offer complies with the federal securities laws—does not present an "actual controversy" within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201 and second, jurisdiction based on section 27 of the Securities Exchange Act ("the Exchange Act") is invalid because KCP & L does not seek to enforce any duty or liability or to enjoin a violation of the Exchange Act. Alternatively, KG & E requests that even if this court finds it has that jurisdiction pursuant to section 27, KCP & L has failed to establish that venue in the Western District of Missouri is proper. Lastly, KG & E asserts that even if this court finds that jurisdiction and venue are proper, this action should be transferred to the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1404(a). The court will address each of these arguments in the order stated.

## II. *"Actual Controversy" and the Declaratory Judgment Act*

■ Count I of KCP & L's First Amended Complaint seeks a court declaration that its Schedule 14D–1 and the tender offer comply with the Exchange Act and the SEC's rules and regulations. KCP & L's First Amended Complaint at ¶ 35. KG & E argues that this count does not present an actual controversy in the constitutional sense, and therefore is not justiciable, because it hypothetically assumes that KG & E will challenge the Schedule 14D–1 filing and this challenge is not certain to occur.

Thus, KG & E argues that Count I should be dismissed.

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides in pertinent part that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration...." One of the main purposes of this Act is to "provide a means to grant litigants judicial relief from legal uncertainty in situations that ha[ve] not developed sufficiently to authorize traditional coercive relief." *Texas Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 505 (5th Cir.1988) (en banc), *cert. denied,* —— U.S. ——, 109 S.Ct. 1932, 104 L.Ed.2d 404 (1989).

■ The determination of whether there is an actual controversy underlying an action seeking declaratory relief is made on a case-by-case basis. *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941). The test for ascertaining whether there is an actual controversy is whether "there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* The controversy must be "definite and concrete touching the legal relations of the parties having adverse legal interests." *Caldwell v. Gurley Refining Co.*, 755 F.2d 645, 649 (8th Cir.1985). The issues in the controversy must not be abstract, but rather "[a] live dispute must exist between the parties at the time of the court's hearing." *Id.*

In the instant case, KCP & L contends that an actual controversy exists because KG & E ultimately brought the lawsuit KCP & L anticipated here, that is, KG & E's action in the United States District Court for the District of Kansas in which the legality of KCP & L's tender offer is challenged. Specifically, KG & E alleges in

---

**4.** Kan.Stat.Ann. § 17–1290(a) allows a corporation to opt out of the Control Share Act. Specifically, this section provides: Unless before the control acquisition a corporation's articles of incorporation or bylaws provide that this Act does not apply to control share acquisitions of shares of the corporation, control shares of an issuing public corporation acquired in a control share acquisition have only such voting rights as are conferred by Kan.Stat.Ann. § 17–1294.

paragraph 36 of its complaint in the Kansas action

> [KG & E] is entitled to declaratory judgment determining and declaring that KCP & L's Tender Offer is unlawful under the 1935 Act [the Public Utility Holding Company Act of 1935] and is entitled to injunctive relief against the making and the continuation of KCP & L's unlawful Tender Offer, in violation of [the] 1935 Act and Section 10(b) of the Exchange Act, and rules and regulations thereunder. The absence of safeguards to investors and the general public contemplated by the 1935 Act is causing, and will continue to cause, irreparable harm to KG & E and its stockholders and renders the Tender Offer fraudulent, deceptive, and manipulative under Section 10(b) of the Exchange act and Rule 10(b)(5) [sic] thereunder, for which there is no adequate remedy at law.

KG & E First Amended Complaint at ¶ 36. Thus, KCP & L contends that even though KG & E did not specifically plead in its first amended complaint that KCP & L's Schedule 14D–1 filing was illegal, its complaint nevertheless encompasses the issue of illegality of the tender offer by challenging it in the manner noted above. Because of this, KCP & L contends that its action for declaratory judgment presents a live controversy.

The court finds KCP & L's argument persuasive. First, Section 10(b) and Rule 10b–5 are remarkably similar in substance to Section 14(e) of the Exchange Act, which is the section pleaded in KCP & L's complaint. "The two provisions are coextensive in their antifraud provisions" and as such are "construed *in pari materia* by courts." *Panter v. Marshall Field & Co.*, 646 F.2d 271, 282 (7th Cir.1981), *cert. denied*, 454 U.S. 1092, 102 S.Ct. 658, 70 L.Ed.2d 631 (1981). The court finds that although KG & E has not specifically attempted to challenge KCP & L's Schedule 14D–1 statement, the essence of KG & E's suit filed in the United States District Court for the District of Kansas is whether the tender offer by KCP & L was legal. Thus, KCP & L's action seeking a court declaration that its Schedule 14D–1 complies with applicable federal law presents an actual controversy.

The cases defendant cited in support of its position are inapposite. In *Grand Metropolitan PLC v. Pillsbury Co.*, 704 F.Supp. 538 (D.Del.1988), the court found it lacked jurisdiction over a suit filed by the plaintiff offeror in which it sought to enjoin the target offeree from invoking various state antitakeover statutes by requesting that the court declare these various state statutes unconstitutional. The court found no actual controversy existed because it was not certain that the defendant target would ever invoke any of the statutes.

In *Nomad Acquisition Corp. v. Damon Corp.*, 701 F.Supp. 10 (D.Mass.1988), the plaintiff offeror sought declaratory and injunctive relief restraining the defendant target offeree from invoking the Massachusetts control share act by asking that the court declare the Act unconstitutional. The court found that since the defendant had not yet adopted the Act through its bylaws or charter and there was no certainty that it would do so in the future, there was not an actual controversy sufficient to invoke the use of the Declaratory Judgment Act.

The instant case differs from *Grand Metropolitan* and *Nomad* because KG & E has now opted out of the Control Shares Act and therefore the issue of the constitutionality or applicability of the Control Shares Act is no longer before this court. However, the issue of whether declaratory judgment is justiciable because KCP & L anticipated KG & E would challenge the legality of its tender offer is still before this court, as is the issue of whether jurisdiction pursuant to section 27 of the Act is proper.

In summary, the court finds that there is an actual controversy within the meaning of the Declaratory Judgment Act both when this action was filed and at the present time, and the court has no doubt there will continue to be one at any future hearing in this matter. Accordingly, defendant's motion to dismiss plaintiff's declaratory judgment action is denied.

III. *Jurisdiction and Section 27 of the Exchange Act*

■ Section 27 of the Exchange Act, 15 U.S.C. § 78aa, in pertinent part provides

Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.

KG & E argues that this court does not have jurisdiction over this claim pursuant to section 27 because KCP & L's complaint does not seek to enforce some duty or liability created by the act or to enjoin any violation. Specifically, KG & E contends that KCP & L merely assumes that KG & E will at some time in the future make a charge under the Exchange Act against KCP & L and this assumption does not seek to enforce some duty or liability created by the Exchange Act.

■ The court finds this argument without merit. One purpose of the declaratory judgment procedure is to allow a party to anticipate an action that would be brought against it. *Gulf States Paper Corp. v. Ingram*, 811 F.2d 1464, 1467 (11th Cir. 1987). If a declaratory judgment defendant could have brought an action in federal court to enforce its rights, then the federal court has jurisdiction over the declaratory judgment action brought by the plaintiff. *Janakes v. U.S. Postal Service*, 768 F.2d 1091, 1093 (9th Cir.1985). In the instant case, it is clear that this court would have jurisdiction pursuant to section 27 if KG & E filed suit against KCP & L challenging the legality of KCP & L's Schedule 14D–1 because such a suit would be brought to "enforce a liability or duty created by the Exchange Act." 15 U.S.C. § 78aa (1988). Thus, the court finds it has

jurisdiction to entertain the declaratory judgment action filed by KCP & L.[5]

■ Defendant alternatively argues that even if this court has jurisdiction pursuant to section 27 of the Exchange Act, KCP & L has not established venue. Section 27 confers venue "in the district wherein the defendant is found, or is an inhabitant or transacts business ... or wherein any act or transaction constituting the violation occurred." KG & E contends that it is not found nor does it transact business in Missouri. Specifically, KG & E states that it has no property, employees, offices, poles, wires, generating plants, or other facilities in Missouri. The court notes that KG & E is not an inhabitant of Missouri nor did the transaction, the tender offer, occur in Missouri. Thus, the court will consider whether KG & E is "found" or "transacts business" in Missouri for the purposes of establishing venue in the Western District of Missouri.

■ The word "found" as used in the statute means "a presence and continuous local activity within the district." *Wichita Federal Sav. & Loan Ass'n v. Landmark Group, Inc.*, 674 F.Supp. 321, 328 (D.Kan. 1987). The transaction of business requirement as stated in the statute demands that a defendant's activities in a particular venue constitute a substantial part of its ordinary business and be continuous and of some duration. *Birdman v. Electro–Catheter Corp.*, 352 F.Supp. 1271, 1273 (E.D.Pa. 1973). The court finds that venue is proper in this district because defendant KG & E is both "found" and "transacts business" in the Western District of Missouri for the purposes of section 27.

Specifically, the court finds that defendant is "found" in this district, in the sense of its presence and continuous local activity, based on the following facts reflected in depositions taken in the action in the United States District Court for the District of Kansas and papers filed herein: (1) KG & E sells electric power on a wholesale basis

5. The court is aware of defendant's argument that plaintiff has attempted to "cure" any jurisdictional defect by filing a First Amended Complaint. The court's finding that it has jurisdiction pursuant to Section 27 does not depend on the amendments in plaintiff's First Amended Complaint.

to the Missouri cities of Mindenmines, Eve and Richards. Doug Henry Deposition at 18; James Lucas Deposition at 46; (2) KG & E provides electric power to several individuals residing in Missouri on a retail basis. Henry Deposition at 52–53; KCP & L's Exhibit 8 submitted with its Supplemental Suggestions in Opposition to KG & E's Motion to Dismiss; (3) More than 2,000 KG & E shareholders reside in Missouri. KG & E regularly contacts these shareholders through the mailing of its annual report, quarterly reports and proxy materials. Lucas Deposition at 60–63; (4) KG & E officials have been personally present in the State of Missouri for meetings concerning its participation in the MOKAN Power Pool[6] in which it purchases and sells wholesale electric power to Missouri utilities. Lucas Deposition at 26–27.

Additionally, the court finds that KG & E transacts business within the meaning of section 27 in that (1) in 1989, KG & E sold, either wholesale or retail, to Missouri entities electric power worth $10,924,303. Lucas Deposition at 40–41; (2) KG & E has ongoing business relationships with several other Missouri based utilities including the Missouri Public Service, The Empire District Electric Company, and Union Electric Company. Lucas Deposition at 23–25; (3) KG & E co-owns with Missouri Public Service the Jeffrey Energy Center. Henry Deposition at 29–30.

In the court's estimation the foregoing KG & E activities in Missouri establish that KG & E "transacts business" and is "found" in Missouri for the purposes of the venue provision in section 27 of the Exchange Act. Thus, the court finds that venue in this district is proper.

### IV. Motion for Transfer

KG & E asserts that even if this court finds that KCP & L's action is correctly before it and venue in this district is proper, it should nevertheless transfer the case to the United States District Court for the District of Kansas. KG & E seeks this transfer pursuant to 28 U.S.C. § 1404(a)

which provides that a trial court may "[f]or the convenience of parties and witnesses [and] in the interests of justice ... transfer any civil action to any other district or division where it might have been brought."

In deciding a motion to transfer, the court must initially determine whether this case "might have been brought" in the District of Kansas. Because the jurisdiction of this court is premised on federal question jurisdiction (28 U.S.C. § 1331), venue is proper "in the judicial district where all defendants reside, or in which the claim arose...." 28 U.S.C. § 1391(b). A corporate defendant "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).

Because KG & E is clearly subject to personal jurisdiction in Kansas since it is headquartered in Wichita, Kansas, this case "might have been brought" in the District of Kansas under 28 U.S.C. § 1391(b).

The determination of whether a case should be transferred under 28 U.S.C. § 1404(a) involves consideration of "the convenience of the parties, convenience of witnesses, the availability of judicial process to compel attendance of unwilling witnesses, access to and availability of sources of proof and the interests of justice." *Midwest Mechanical Contracters, Inc v. Tampa Constructors, Inc.*, 659 F.Supp. 526, 532 (W.D.Mo.1987). Great weight should be given to the plaintiff's choice of forum, particularly where the plaintiff is a resident of the judicial district where the suit is brought. *Houk v. Kimberly–Clark Corp.*, 613 F.Supp. 923, 927 (W.D.Mo.1985). "It is incumbent upon the party seeking transfer to make a clear showing that the balance of interests weighs in favor of the proposed transfer, and unless that balance is strongly in favor of the moving party, the plaintiff's choice of forum should not be disturbed." *Id.* The court will now consider

**6.** The MOKAN Power Pool is a reserve-sharing agreement among a group of utility companies formed for the purpose of improving the operations in the utility or electric systems in the Missouri–Kansas area. Lucas Deposition at 23–24.

the various factors to determine if transfer is appropriate.

### 1. Convenience of Parties and Witnesses

Defendant KG & E argues that transfer of this case to the District of Kansas would "significantly enhance convenience for the parties and witnesses" because KG & E is based in Wichita, Kansas and also there are a "vast number of witnesses" in that city. Defendant's Reply Memorandum in Support of its Motion to Dismiss at 37. This assertion, without more, is not enough to convince the court that transfer is appropriate. For instance, defendant does not inform the court of the exact number of witnesses to be called in this case or who these witnesses will be, or how these witnesses would be inconvenienced by a trial in the Western District of Missouri, or the nature and quality of these witnesses' testimony as it relates to the case at hand. *Houk*, 613 F.Supp. at 928. Therefore, since KCP & L's choice of forum is to be accorded great weight, and KG & E failed to explain how or why the parties and witnesses would be inconvenienced, the court finds that these factors do not weigh in favor of transfer.

### 2. Availability of Judicial Process

KG & E failed to assert how or why this factor would favor transfer. Accordingly, the court finds that this factor does not weigh either against or in favor of transfer.

### 3. Access to Sources of Proof

KG & E asserts that its documents are maintained in Wichita, Kansas. KCP & L asserts that its documents are maintained in Kansas City, Missouri. Because the documents for either party can be photocopied and easily transported to either location, the court finds that this factor does not weigh in favor or against transfer.

### 4. Interests of Justice

KG & E argues this action should be transferred to the District of Kansas in the interests of justice noting that such transfer would promote efficient use of judicial resources since there is an action pending in Kansas involving the same parties. KG & E also contends that since the suit concerns a tender offer of a Kansas corporation the "local interest in having localized controversies decided at home," *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947), also promotes the interest of justice factor favoring transfer.

The court is not persuaded by KG & E's arguments. First, the fact that there is an action pending in the District of Kansas involving the same parties does not necessarily dictate transfer. As noted earlier, KCP & L filed the instant action on July 23, 1990 and then later on July 31, 1990 KG & E filed suit against KCP & L in the United States District Court for the District of Kansas. For this court to approve transfer based on KG & E's later filing of a similar action involving the same parties would set dangerous precedent for allowing all defendants to choose a forum of their liking merely by later filing a similar action in another court. This court will not be part of such a process. Accordingly, the court finds the later filed action does not favor transfer.

Second, KG & E's argument that there is a local interest in having this dispute decided in Kansas is without merit. KCP & L is a Missouri resident, and it certainly has an interest in this controversy and thus, this is not a controversy involving only Kansas residents. Therefore, the court finds this argument fails and thus does not weigh in favor of transfer.

### 5. Congestion of the Court's Docket

KG & E contends that transfer is appropriate because it is aware that this court is presently engaged in hearing a difficult and lengthy criminal matter and that Judge Kelly in the District of Kansas presently has a less crowded docket and would be available to entertain various pending motions seeking mandatory and prohibitory injunctive relief in this matter. The court acknowledges that it is presently involved in a lengthy trial but this does not mean

that the court would be unable to handle various pending motions or hearings. This court does not stop all consideration of all other cases on its docket merely because it is engaged in a trial. The court would continue to address motions in this matter, and if a hearing were necessary in the instant case, the court would be able to accommodate this. If any difficulty is encountered with respect to time, the court need only take advantage of the provisions of Local Rule 22. Thus, this factor does not dictate transfer.

In summary, the court finds that there is a justiciable claim before it because there is an "actual controversy" pursuant to the Declaratory Judgment Act. The court also finds that it has jurisdiction over defendant pursuant to section 27 of the Exchange Act, and that venue in this court is proper. Lastly, the court finds that in weighing all the factors concerning transfer, the balance does not favor transfer to the District of Kansas. Accordingly, it is

ORDERED that defendant KG & E's motion to dismiss is denied. It is further

ORDERED that defendant KG & E's motion to transfer to the United States District Court for the District of Kansas is denied.